United States District Court
Eastern District of New York
-------------------------------------------------X
Lexico Enterprises, Inc.,

        Plaintiff

  -against-

Cumberland Farms, Inc.,

        Defendant.
-------------------------------------------------X

Index no.:

COMPLAINT
With Jury Demand

**CV 08 2221**

**FILED**
IN CLERK'S OF
U.S. DISTRICT COUR
★ JUN 0 3 2008 ✦
LONG ISLAND OFFICE

**WEXLER, J.**
**WALL, M.J.**

Plaintiff, by its attorney Kenneth Geller, P.C., as and for its complaint against the defendant, alleges upon information and belief as follows:

1. This is an action for breach of contract.

2. This Court has subject matter jurisdiction pursuant to 28 USC 1332 since it is a dispute between citizens of different states and the amount in controversy exclusive of interest and costs exceeds $75,000.

3. Pursuant to Rule 38 of the Fed. R. Civ. P., plaintiff demands a trial by jury.

4 That at all times hereinafter mentioned, Lexico Enterprises, Inc. ("Lexico" or "plaintiff") was a New York corporation with a principal place of business at 2030 Sunrise Highway, Merrick, NY 11566.

5 That at all times hereinafter mentioned, Cumberland Farms, Inc. ("CFI" or "defendant") was a corporation organized in accordance with the laws of one of these United States.

6. At all times hereinafter mentioned, CFI's principal place of business is 777 Dedham Street, Canton, MA 02021.

7. CFI was not incorporated under the laws of the State of New York.

8. That at all times hereinafter mentioned, pursuant to a Retail Motor Fuel Outlet Lease ("Lease") and Dealer Contract of Sale,("Supply Agreement") both dated August 1, 2006, between CFI and Lexico, Lexico operated an Exxon branded retail gasoline station and convenience store at 2030 Sunrise Highway, Merrick, NY 11566. (the "Site")

9. The Site has 12 fueling positions and a 1400 square foot convenience store.

10. That pursuant to an Agreement of Sale dated March 4, 2008 Lexico contracted with WorldCo Petroleum NY Corp. ("WorldCo") for Lexico to sell WorldCo Petroleum NY Corp. all of Lexico's assets.

11. The purchase price was $407,000.

12. On March 11, 2008, Lexico notified CFI of plaintiff's intent to assign the Lease and Supply Agreement.

13. On March 11, 2008 CFI received an executed Agreement of Sale between Lexico and WorldCo

14. The Agreement of Sale was conditioned upon WorldCo obtaining CFI's consent to the assignment of the Lease and Supply Agreement.

15. Paragraph 10 of the Lease provided that subject to CFI's consent, plaintiff could assign the Lease.

16. Paragraph 10 of the Lease provided that CFI's consent to the assignment of the Lease would not be unreasonably withheld.

17. Paragraph 10 of the Lease provided that CFI had 30 business days to exercise a right of first refusal to the assignment of the Lease.

18. Paragraph 14 of the Supply Agreement provided that subject to CFI's consent, plaintiff could assign the Supply Agreement.

19. Paragraph 14 of the Supply Agreement provided that CFI's consent to the assignment of the Supply Agreement would not be unreasonably withheld.

20. Paragraph 14 of the Supply Agreement provided that CFI had 30 business days to exercise a right of first refusal to the assignment of the Supply Agreement.

21. April 22, 2008, was the last day CFI could exercise its right of first refusal to the contract between plaintiff and WorldCo.

22. Sometime between March 11, 2008 and April 21, 2008, CFI furnished WorldCo with a dealership application.

23. Sometime between March 11, 2008 and April 21, 2008, CFI approved WorldCo's president's credit.

24. At all times herein after mentioned, CFI did not have a program to train prospective dealers in the operation of retail gasoline stations.

24. At all times herein after mentioned, CFI did not have a program to train prospective dealers in the operation of convenience store.

26. At all times herein after mentioned CFI did not have criteria that a prospective CFI dealer must meet to become a CFI Exxon branded dealer.

27. For 5 days between March 4, 2008 and April 22, 2008, plaintiff trained WorldCo's president at another retail gas station operated by plaintiff.

28. The retail gasoline station where plaintiff trained WorldCo's president had 12 fueling sites and a 1400 square foot convenience store.

29. For 3 days between March 4, 2008 and April 22, 2008, plaintiff trained WorldCo's president at plaintiff's agent's office.

30. On April 22, 2008, CFI interviewed WorldCo's president.

31. At the April 22, 2008, interview WorldCo's president correctly answered the 10 operational questions propounded to him by CFI during the interview.

32. At the April 22, 2008, interview CFI stated that the Site has a problem with its sewer system, the cost to repair the system would be expensive and CFI had not determined whether the repair costs would be borne by CFI or the current dealer.

33. At the April 22, 2008, interview CFI stated that the insurance costs of $350 per month used by WorldCo to calculate the Site's projected profit and loss was too low. CFI stated a figure of $1,000-$1,500 per month should be used to project profit at the Site.

34. At the April 22, 2008, interview CFI stated that the profit and loss statement prepared by WorldCo must be revised to reflect credit card fees in effect during the period 45 days before the date of the interview.

35. At the April 22, 2008, interview CFI stated that it would permit WorldCo to place a quick service restaurant ("QSR") at the Site only if CFI had an interest in the QSR.

36. At the April 22, 2008, CFI informed WorldCo that if CFI permitted a QSR at the Site, WorldCo's share of the profits would be extremely limited.

37. On or about April 22, CFI notified plaintiff that WorldCo's president has not been sufficiently trained since he was not trained at the Site. CFI further stated that after WorldCo's president is trained at the Site, CFI will interview WorldCo's president a second time.

38. On or about April 24, 2008, CFI notified plaintiff that CFI wants to approve WorldCo as a buyer and wants to schedule a second meeting between WorldCo and CFI.

39. On or about April 25, WorldCo notified plaintiff that as a result of the April 22, 2008, interview with CFI, WorldCo was no longer interested proceeding with the purchase.

40. By letter dated May 6, 2008, defendant notified plaintiff that WorldCo's president "does not possess the business acumen to successfully operate a gasoline/service station business."

## AS AND FOR A FIRST CAUSE OF ACTION

41. Lexico repeats each and every allegation set forth in paragraphs 1 through and including paragraph 40 as if set forth at length herein.

42. By reason of the foregoing, defendant wrongfully withheld its consent to the assignment of the Lease and Supply Contract to WorldCo.

43. By reason of the foregoing Lexico has been damaged as best as can be presently determined in the sum of $407,000.

## AS AND FOR A SECOND CAUSE OF ACTION

44. Lexico repeats each and every allegation set forth in paragraphs 1 through and including paragraph 40 as if set forth at length herein.

45. By reason of the foregoing, defendant tortuously interfered with the contract between plaintiff and WorldCo.

46. By reason of the foregoing Lexico has been damaged as best as can be presently determined in the sum of $407,000.

WHEREFORE, Plaintiff demands judgment against defendant:

    1. On the first cause of action in the sum of $407,000, together with interest and costs and for such other and further relief as the Court deems just.

2. On the second cause of action in the sum of $407,000, together with interest and costs and for such other and further relief as the Court deems just.

Dated: May 29, 2008

> Yours etc.,
> Kenneth Geller, P.C.
>
> By: _____
> Kenneth Geller (2399)
> Attorney for plaintiff
> 372 Doughty Boulevard
> Inwood, NY 11096
> Kengasda@optonline.net
> (516) 371-0967

Lexico-CFI-Cmplnt