UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
LEXICO ENTERPRISES, INC.,            :    ECF Case
                                     :
        Plaintiff,                   :
                                     :    2:08 CV 02221-LDW-WDW
    v.                               :
                                     :
CUMBERLAND FARMS, INC.,              :
                                     :    **ANSWER AND**
        Defendant.                   :    **AFFIRMATIVE DEFENSES**
----------------------------------x

       Defendant Cumberland Farms, Inc. ("CFI"), by its undersigned counsel, for its Answer and Affirmative Defenses to the Complaint by Lexico Enterprises, Inc., alleges, on knowledge as to its own conduct and otherwise on information and belief, as follows:

       1.    States that the allegations contained in paragraph 1 purport to state a legal conclusion as to which no response is required.

       2.    States that the allegations contained in paragraph 2 purport to state a legal conclusion as to which no response is required.

       3.    States that the allegations contained in paragraph 3 purport to state a legal conclusion as to which no response is required.

4.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.  Admits the allegations contained in paragraph 5.

6.  Admits the allegations contained in paragraph 6.

7.  Admits the allegations contained in paragraph 7.

8.  Denies each and every allegation contained in paragraph 8, except admits that CFI and Lexico are parties to a Retail Motor Fuel Outlet Lease and Dealer Contract of Sale both dated August 1, 2006, and respectfully refers the Court to those documents for their contents.

9.  Denies each and every allegation contained in paragraph 9, except admits that the site has 12 fueling positions.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10, except that, to the extent plaintiff references an agreement with a third party, defendant respectfully refers the Court to that document for its contents.

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14, except that, to the extent plaintiff references an agreement with a third party, defendant respectfully refers the Court to that document for its contents.

15. Denies each and every allegation contained in paragraph 15, except admits that plaintiff and defendant were parties to a Lease, and respectfully refers the Court to that document for its contents.

16. Denies each and every allegation contained in paragraph 16, except admits that plaintiff and defendant were parties to a Lease, and respectfully refers the Court to that document for its contents.

17. Denies each and every allegation contained in paragraph 17, except admits that plaintiff and defendant were parties to a Lease, and respectfully refers the Court to that document for its contents.

18. Denies each and every allegation contained in paragraph 18, except admits that plaintiff and defendant were parties to a Lease, and respectfully refers the Court to that document for its contents.

19. Denies each and every allegation contained in paragraph 19, except admits that plaintiff and defendant were parties to a Lease, and respectfully refers the Court to that document for its contents.

20. Denies each and every allegation contained in paragraph 20, except admits that plaintiff and defendant were parties to a Lease, and respectfully refers the Court to that document for its contents.

21. Denies each and every allegation contained in paragraph 21, except that, to the extent plaintiff references agreement(s) with defendant and/or a third party, defendant respectfully refers the Court to such document(s) for their contents.

22. Admits the allegations contained in paragraph 22.

23. Denies each and every allegation contained in paragraph 23, except that, to the extent plaintiff refers to documents reflecting defendant's assessment of WorldCo's application, defendant respectfully refers the Court to such document(s) for their contents.

24. Avers that defendant did not have its own program but expected and allowed prospective franchisees who were not experienced to obtain training at defendant's facilities. Defendant otherwise denies the allegations contained in paragraph 24.

24.[sic] Avers that defendant did not have its own program but expected and allowed prospective franchisees who were not experienced to obtain training at defendant's facilities. Defendant otherwise denies the allegations contained in paragraph 24.

26. Denies the allegations contained in paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30.

31. Denies each and every allegation contained in paragraph 31.

32. Denies each and every allegation contained in paragraph 32.

33. Denies each and every allegation contained in paragraph 33.

34. Denies each and every allegation contained in paragraph 34.

35. Denies each and every allegation contained in paragraph 35.

36. Denies each and every allegation contained in paragraph 36.

37. Denies each and every allegation contained in paragraph 37, except admits that CFI determined that WorldCo's president did not receive sufficient training.

38. Denies each and every allegation contained in paragraph 38.

39. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39.

40. Denies each and every allegation contained in paragraph 40, except that, to the extent plaintiff refers to correspondence from defendant to plaintiff, defendant respectfully refers the Court to that correspondence for its contents.

## As and For A First Cause of Action

41. Repeats and reiterates the allegations contained in paragraphs 1 through 40 as if set forth fully herein.

42. Denies each and every allegation contained in paragraph 42.

43. Denies each and every allegation contained in paragraph 43.

## As and For A Second Cause of Action

44. Repeats and reiterates the allegations contained in paragraphs 1 through 40 as if set forth fully herein.

45. Denies each and every allegation contained in paragraph 45.

46. Denies each and every allegation contained in paragraph 46.

### FIRST AFFIRMATIVE DEFENSE TO ALL COUNTS

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE TO ALL COUNTS

Plaintiff's claims are barred in whole or in part by the Statute of Frauds.

### THIRD AFFIRMATIVE DEFENSE TO ALL COUNTS

If plaintiff sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of the plaintiff.

### FOURTH AFFIRMATIVE DEFENSE TO ALL COUNTS

If plaintiff sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of others.

### FIFTH AFFIRMATIVE DEFENSE TO ALL COUNTS

Plaintiff failed to mitigate its alleged damages, thereby precluding or reducing plaintiff's right of recovery, if any, against CFI.

### SIXTH AFFIRMATIVE DEFENSE TO ALL COUNTS

CFI avers that it has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE TO ALL COUNTS

CFI avers that its conduct was not the proximate cause of any alleged injury to plaintiff.

RESPECTFULLY SUBMITTED,

DEFENDANT
CUMBERLAND FARMS, INC.

By _/s/ Laurie A. Sullivan_
Laurie A. Sullivan (Fed. Bar No. LS 0419)
Shipman & Goodwin LLP
300 Atlantic Street
Stamford, CT 06901
Tel: (203) 324-8100
Fax: (203) 324-8199
lsullivan@goodwin.com

Paul D. Sanson
  (Admitted Pro Hac Vice 7/10/08)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
Tel: (860) 251-5000
Fax: (860) 251-5099
psanson@goodwin.com

Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that, on this 23rd day of July 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

I further certify that on this 23rd day of July 2008, a copy of the foregoing was mailed via First Class Mail, postage prepaid, to:

Kenneth Geller, Esq.
372 Doughty Boulevard
Inwood, NY 11906

*Laurie A. Sullivan*
Laurie A. Sullivan

151213 v.01