UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - -x
LEXICO ENTERPRISES, INC.,            :     ECF Case
                                     :
       Plaintiff,                    :     08-CV-2221-LDW-WDW
                                     :
       v.                            :
                                     :
CUMBERLAND FARMS, INC.,              :
                                     :
       Defendant.                    :     JULY 24, 2009
- - - - - - - - - - - - - - - - - - - - - - - - -x

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, defendant Cumberland Farms, Inc. ("CFI") respectfully moves for summary judgment with regard to both counts of the complaint filed against it by plaintiff Lexico Enterprises, Inc. ("Lexico"). As more fully set forth in the accompanying memorandum of law, CFI is entitled to judgment as a matter of law on each Count of Lexico's Complaint for the following reasons:

    1.    Lexico's first cause of action is for wrongful withholding of consent to a proposed Agreement of Sale between Lexico and third party WorldCo Petroleum NY Corporation ("WorldCo"). CFI is entitled to judgment as a matter of law on Lexico's first cause of action because the undisputed evidence demonstrates that, at the time CFI issued its decision on Lexico's proposed sale to WorldCo, WorldCo had already terminated its agreement with Lexico. CFI's withholding of consent to an already terminated agreement cannot be wrongful. Furthermore, even if WorldCo had not previously terminated the

1

agreement, Lexico's admitted failure to satisfy CFI's reasonable requirements defeats its claim for wrongful withholding of consent.

2. Lexico's second cause of action is for tortious interference with contract. Motiva is entitled to judgment as a matter of law on Lexico's second cause of action because Lexico cannot meet the required elements of a tortious interference claim. The undisputed evidence demonstrates that CFI acted in furtherance of its legitimate business interests when it met with WorldCo to discuss the proposed Agreement of Sale. Furthermore, Lexico does not allege that WorldCo breached the Agreement of Sale.

3. CFI is also entitled to judgment as a matter of law on both of Lexico's claims because Lexico has failed to demonstrate that it suffered any monetary damages as a result of CFI's conduct. As Lexico's president testified at his deposition, at the time WorldCo terminated the Agreement of Sale, the market value of the franchise was at least as much as the contract price. After WorldCo withdrew from the Agreement of Sale, Lexico still had an asset worth at least the amount of the contract price.

In support of its Motion, CFI submits herewith an accompanying memorandum of law and attached exhibits, a Local Rule 56.1 Statement and the Declarations of Timothy J. Brooks and Laurie Sullivan and attached exhibits. As set forth more specifically below, there are no genuine issues of material fact as to Lexico's claims, and CFI is entitled to judgment as a matter of law.

DEFENDANT,
CUMBERLAND FARMS, INC.


By: /s/ Paul D. Sanson
    Paul D. Sanson (PS4337)
    Laurie A. Sullivan (LS 0419)
    Shipman & Goodwin LLP
    One Constitution Plaza
    Hartford, CT 06103
    Tel: (860) 251-5500
    Fax: (860) 251-5319
    psanson@goodwin.com
    lsullivan@goodwin.com

    Its Attorneys

## CERTIFICATION OF SERVICE

I hereby certify that, on this 24th day of July 2009, a copy of the foregoing has been served electronically and served by U.S. mail, postage prepaid, on the following:

Kenneth Geller, Esq.
372 Doughty Blvd.
Inwood, NY  11096
kengasda@optonline.net

                                      /s/ Laurie A. Sullivan
                                      Laurie A. Sullivan

1182254v1