**SHIPMAN & GOODWIN** LLP.
COUNSELORS AT LAW

Laurie A. Sullivan, Esq.
Phone: (860) 251-5589
Fax: (860) 251-5319
lsullivan@goodwin.com

March 10, 2010

<u>Via Electronic Filing</u>

Hon. Leonard D. Wexler
United States District Court
944 Federal Plaza
Central Islip, NY 11722

Re: *Lexico Enterprises v. Cumberland Farms, Inc.*, No. 08-CV-2221-LDW-WDW
<u>Sur-Reply In Opposition to Plaintiff's Request To Amend Pre-Trial Order</u>

Dear Judge Wexler:

      We represent the defendant, Cumberland Farms, Inc. ("CFI"), in this matter. CFI hereby requests the Court's permission to file this brief sur-reply in opposition to the reply filed by Lexico Enterprises, Inc. ("Lexico") on March 8, 2010 (the "Reply"). This sur-reply is necessary to correct certain misleading information set forth in Lexico's Reply and to respond to arguments that were made for the first time in the Reply.

      Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent **or** the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added). An opposing party's consent is by no means a prerequisite to a request to amend. Lexico cannot credibly argue that CFI's denial of consent to the requested amendment constitutes a basis for Lexico's delay. Lexico could, and should, have sought the Court's leave to amend without CFI's consent as soon as it became aware of the facts underlying the Second Action, which, at the very latest, was April 27, 2009 when the Second Action was filed. Instead, Lexico chose to delay its request to amend for nearly ten months, during which time it allowed discovery to close, filed a joint pre-trial order that made no mention of this issue, and represented it was prepared for trial.

      In the Reply, Lexico's counsel indicates that his extended delay in seeking an amendment was the result of a deliberate strategy to wait until after Lexico's principal had been deposed in the second suit. If Lexico's plan was to show how straightforward and simple these damages claims were, it backfired: during the deposition of Lexico's principal, it became clear that CFI would require an additional deposition and expert discovery with regard to the damages Lexico allegedly incurred between April 2008 and April 2009, as well as likely require the hiring of its own expert. Lexico further suggests that the delay in its requested amendment has not "prevented [CFI] from investigating the allegations" in the now-dismissed Second Action. Reply at 2. This argument is irrelevant and incorrect. CFI spent as little time and resources as possible because it believed there was a good chance the case would be dismissed. CFI also relied on Lexico's decision to file a second lawsuit rather than seek to amend the complaint here in its preparations in this action. CFI should not be required to reopen its already completed pretrial preparations, conduct additional fact and expert discovery, identify and retain a new

Hon. Leonard D. Wexler
March 10, 2010
Page 2

expert, and face exposure to damages claims from a lawsuit that has been dismissed. Lexico chose to pursue a strategy of bringing a second lawsuit, a strategy that has now failed; its claim that its delay was calculated and intentional all along only makes its present request to amend all the more improper.

Finally, Lexico fails to acknowledge that Judge Spatt's dismissal of the Second Action was made without prejudice so that Lexico may revisit its allegations if it prevails in this case. Contrary to Lexico's argument, CFI respectfully suggests that the least prejudicial and least burdensome solution is for the Court to deny Lexico's request to amend which would - consistent with Judge Spatt's ruling in the Second Action - leave the door open for Lexico to raise its new damages claim if it succeeds in this action. See Judge Spatt's Order dated March 1, 2010, attached as Ex. A to CFI's Opposition dated March 4, 2010.

Respectfully submitted,

Laurie A. Sullivan

cc:   Kenneth Geller, Esq.